PREET BHARARA
United States Attorney
Southern District of New York
By:      NATASHA L. WAGLOW
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2528
Fax: (212) 637-2786
E-mail: natasha.waglow@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GRAND MANOR HEALTH RELATED FACILITY,
INC.,

                Plaintiff,

      -against-

JOHN KOSKINEN, in his official capacity as
Commissioner of the Internal Revenue Service;
INTERNAL REVENUE SERVICE; JULIAN CASTRO, in
his official capacity as Secretary of the United States
Department of Housing and Urban Development; THE
UNITED STATES DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT; BERKADIA COMMERICAL
MORTGAGE, LLC; HAMILTON EQUITIES
COMPANY; HAMILTON EQUITIES, INC.; ROBERT
NOVA; and SUZAN CHAIT-GRANDT,

                Defendants.

------------------------------------------------------------------------ x

14 Civ. 10130 (KBF)

**ANSWER OF
DEFENDANTS JOHN
KOSKINEN, INTERNAL
REVENUE SERVICE,
JULIAN CASTRO, AND
THE UNITED STATES
DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT**

        Defendants John Koskinen, in his official capacity as Commissioner of the Internal

Revenue Service ("Koskinen"), the Internal Revenue Service (the "IRS"), Julian Castro, in his

official capacity as Secretary of the United States Department of Housing and Urban

Development ("Castro"), and the United States Department of Housing and Urban Development

("HUD") (collectively, the "Federal Defendants"), by their attorney, Preet Bharara, United States

Attorney for the Southern District of New York, hereby answer the complaint of plaintiff Grand Manor Health Related Facility, Inc. (the "Plaintiff") upon information and belief as follows:

1.      Paragraph 1 of the complaint constitutes Plaintiff's characterization of this action, to which no response is required.

2.      Paragraph 2 of the complaint constitutes Plaintiff's characterization of this action, to which no response is required.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint, except that HUD admits that Hamilton Equities Co.'s obligations regarding a reserve for replacement fund are outlined in the regulatory agreement entered into between HUD and Hamilton Equities Co., and respectfully refers the Court to the referenced lease agreement attached to the complaint for any obligations regarding the reserve for replacement fund that may have been accepted by Plaintiff.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, except the IRS admits that it issued a Notice of Levy, dated October 2, 2014, to Plaintiff for $1,889,737.21 owed by Robert Nova.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, except the IRS admits that it received a letter from counsel for Plaintiff, dated November 11, 2014, regarding the Notice of Levy pertaining to Robert Nova, which sought a written determination from the IRS regarding payments in connection with the Notice of Levy.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, except HUD admits that it sent a letter, dated December 8, 2014, to counsel for Plaintiff and counsel for Hamilton Equities Co. regarding payments to the reserve for replacement fund, and expressed no opinion regarding the IRS's levy.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint, except the IRS admits that it received a letter from Plaintiff's counsel regarding the Notice of Levy issued to Plaintiff and subsequently communicated with Plaintiff regarding the Notice of Levy.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint, except the IRS and HUD admit that discussions regarding the Notice of Levy occurred.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint, except the IRS admits that an IRS employee confirmed that it would not provide further written confirmation regarding the IRS levy.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, except that Koskinen and the IRS admit the allegations in paragraph 14 of the complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint, except that the IRS admits the allegations in paragraph 15 of the complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint, except that Castro and HUD admit the allegations in paragraph 16 of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint, except that HUD admits the allegations in paragraph 17 of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint, except the IRS avers that Robert Nova possesses at least a one-half ownership interest in the property located at 700 White Plains Road, Bronx, New York.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint.

31.     Paragraph 31 of the complaint consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, deny the allegations contained in paragraph 31 of the complaint.

32.     Paragraph 32 of the complaint consists of Plaintiff's conclusions of law, to which no response is required.

33.     Paragraph 33 of the complaint consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, admit that the subject property is located in this District.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the complaint.  To the extent a response is required, respectfully refer the Court to the referenced lease agreement attached to the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the complaint.  To the extent a response is required, respectfully refer the Court to the referenced lease agreement attached to the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint, except that HUD admits that Hamilton Equities Co. obtained assistance through the Federal Housing Administration.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the complaint, except that HUD admits the allegations contained in paragraph 37 of the complaint, and respectfully refers the Court to the referenced HUD regulatory agreements attached to the complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the complaint, except that HUD admits the allegations contained in paragraph 38 of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the complaint, except that HUD admits the allegations contained in paragraph 39 of the complaint, and respectfully refers the Court to the referenced HUD regulatory agreement attached to the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the complaint, except that HUD admits the allegations contained in paragraph 40 of the complaint, and respectfully refers the Court to the referenced HUD regulatory agreement attached to the complaint.

41.     Paragraph 41 of the complaint consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, respectfully refer the Court to the referenced regulatory agreement attached to the complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint.  To the extent a response is required, respectfully refer the Court to the referenced lease agreement attached to the complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint, except that HUD admits that on occasion in the past it has temporarily suspended reserve for replacement fund payment obligations.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint, except that HUD admits the allegations contained in paragraph 44 of the complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint, except that HUD admits that it notified Hamilton Equities Co. when it temporarily suspended reserve for replacement fund payment obligations, but did not notify Plaintiff that it had temporarily suspended reserve for replacement fund payment obligations because Plaintiff does not have an obligation under the regulatory agreement with HUD to make reserve for replacement fund payments.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the complaint, and respectfully refer the Court to the referenced communication attached to the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint, and respectfully refer the Court to the documents attached to the complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the complaint, except that HUD admits the allegations contained in paragraph 51 of the complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint, except that HUD admits the allegations contained in paragraph 52 of the complaint, and respectfully refers the Court to the referenced communication attached to the complaint.

53.     Respectfully refer the Court to the referenced documents attached to the complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the complaint, except that HUD admits the allegations

contained in paragraph 54 of the complaint, and respectfully refers the Court to the referenced communication attached to the complaint.

55.     Paragraph 55 of the complaint constitutes Plaintiff's characterization of events, to which no response is required.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the complaint.  To the extent a response is required, HUD admits that Plaintiff explained its prior course of action regarding the reserve for replacement fund payments.

57.     Respectfully refer the Court to the referenced documents attached to the complaint.

58.     Respectfully refer the Court to the referenced communication attached to the complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the complaint, except that HUD admits the allegations contained in paragraph 59 of the complaint, and respectfully refers the Court to the referenced communication attached to the complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the complaint, except that the IRS admits the allegations contained in paragraph 60 of the complaint, and respectfully refers the Court to the Notice of Levy attached to the complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the complaint, except that the IRS admits the allegations

contained in paragraph 61 of the complaint, and respectfully refers the Court to the Notice of
Levy attached to the complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph 62 of the complaint, except that the IRS admits the allegations
contained in paragraph 62 of the complaint, and respectfully refers the Court to the Notice of
Levy attached to the complaint.

63.     Paragraph 63 of the complaint consists of Plaintiff's conclusions of law, to which
no response is required.  To the extent a response is required, the IRS admits the allegations
contained in paragraph 63 of the complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph 64 of the complaint, and respectfully refer the Court to the
referenced communication attached to the complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph 65 of the complaint, and respectfully refer the Court to the
referenced communication attached to the complaint.

66.     The IRS admits that it received a letter from Plaintiff dated November 11, 2014,
and respectfully refers the Court to the referenced communication attached to the complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph 67 of the complaint.  To the extent a response is required,
respectfully refer the Court to the referenced communication attached to the complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph 68 of the complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the complaint, except that HUD admits the allegations contained in paragraph 69 of the complaint, and respectfully refers the Court to the referenced communication attached to the complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the complaint, except that HUD admits the allegations contained in paragraph 70 of the complaint, and respectfully refers the Court to the referenced communication attached to the complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the complaint, except that HUD respectfully refers the Court to the referenced communication attached to the complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the complaint, except that HUD admits the allegations contained in paragraph 72 of the complaint.

73.     Respectfully refer the Court to the referenced communication attached to the complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the complaint, except that the IRS admits that it informed Plaintiff that it must comply with the Notice of Levy.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the complaint, except that the IRS admits the allegations contained in paragraph 75 of the complaint.

76.     Admit that a conference call was held regarding the Notice of Levy.

77.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the complaint.

78.   Respectfully refer the Court to the referenced communication attached to the complaint.

79.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the complaint.

80.   Paragraph 80 of the complaint constitutes Plaintiff's characterization of this action, to which no response is required.

81.   Deny the allegations in paragraph 81 of the complaint.

82.   Repeats each and every response set forth herein to the allegations contained in paragraphs 1-81 of the complaint.

83.   Paragraph 83 of the complaint consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the complaint, except that the IRS admits the allegations contained in paragraph 83 of the complaint.

84.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the complaint.

85.   Paragraph 85 of the complaint consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the complaint, except that the IRS admits that Plaintiff must comply with the Notice of Levy.

86.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the complaint.

87.     Respectfully refer the Court to the referenced communication attached to the complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the complaint.

89.     Paragraph 89 of the complaint consists of Plaintiff's characterization of this action, to which no response is required.

90.     Paragraph 90 of the complaint consists of the Plaintiff's characterization of this action, to which no response is required.

91.     The paragraph following paragraph 90 of the complaint contains Plaintiff's prayer for relief, to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, the Federal Defendants allege as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims against the Federal Defendants.

### SECOND DEFENSE

The complaint fails to state a claim against the Federal Defendants upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred under 26 U.S.C. § 7421.

### FOURTH DEFENSE

Plaintiff's claims are barred under 28 U.S.C. § 2201.

**FIFTH DEFENSE**

Plaintiff's claims are subject to, and limited by, 26 U.S.C. § 6330, § 6332, § 7426.


The Federal Defendants may have additional defenses that are not known at this time but which may become known through discovery.  Accordingly, the Federal Defendants reserve their right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE the Federal Defendants respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of the Federal Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated:      March 9, 2015
            New York, New York

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney
                              Southern District of New York

                  By:     /s/ Natasha L. Waglow
                          NATASHA L. WAGLOW
                          Assistant United States Attorney
                          86 Chambers Street, Third Floor
                          New York, New York 10007
                          Tel.: (212) 637-2528
                          Fax: (212) 637-2786
                          E-mail: natasha.waglow@usdoj.gov


14