John J. Macron, Esq.
Marilyn Cowhey Macron, Esq.
*Attorney for Defendants,*
*Hamilton Equities Company,*
*Hamilton Equities, Inc.,*
*Robert Nova, and Suzan*
*Chait-Grandt*
305 Broadway, 7th Floor
New York, New York  10007
(212) 323-7454

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GRAND MANOR HEALTH RELATED
FACILITY, INC.

                   Plaintiff,

      -against-

JOHN KOSKINEN, in his official capacity as
Commissioner of the Internal Revenue Service;
INTERNAL REVENUE SERVICE; JULIAN
CASTRO, in his official capacity as Secretary of the
United States Department of Housing and Urban
Development; THE UNITED STATES
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT; BERKADIA COMMERCIAL
MORTGAGE, LLC; HAMILTON EQUITIES
COMPANY; HAMILTON EQUITIES, INC.;
ROBERT NOVA; and SUZAN CHAIT-GRANDT,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ANSWER WITH**
**COUNTERCLAIMS**

Docket No. 14-cv-10130 (KBF) (JCF)

      Defendants, *Hamilton Equities Company, Hamilton Equities, Inc., Robert Nova, and*

*Suzan Chait-Grandt* (hereinafter "Answering Defendants" by their attorney, John J. Macron, as

and for their Answer, Affirmative Defenses and Counterclaims to the Complaint herein alleges,

upon information and belief, as follows:

1.  Answering Defendants, deny the allegations of paragraph 1 that this action is brought seeking a declaration as to the proper recipient of rent payments, rather allege that this action is brought as part of a pattern of tortious interference of the Answering Defendants business relationship with, among others, co-defendants The United States Department of Housing and Urban Development (hereinafter sometimes referred to as "HUD") and Berkadia Commercial Mortgage, LLC. ("Berkadia").

2.  Answering Defendants deny the allegations of paragraph"2"

3.  Answering Defendants admit the allegations of paragraph "3".

4.  Answering Defendants admit that a reserve for replacement fund, regulated, at least to an extent, by HUD exists and except as admitted Answering Defendants deny knowledge or information sufficient to form a belief as to the balance of the allegations of paragraph 4.

5.  Answering Defendants deny the allegations of paragraph "5".

6.  Answering Defendants specifically deny that any conflict exists between the Notice of Levy and the rent payments due from Plaintiff.  Further Answering Defendants deny knowledge or information as to the balance of the allegations of paragraph "6".

7.  Answering Defendants deny the allegations of paragraph "7" and refer the court to the December 8, 2014 letter of HUD for its plain meaning therein.

8.  Answering Defendants deny knowledge or information as to a December 11, 2014 letter Plaintiff alleges to have sent to the IRS but, upon information and belief, deny that the IRS informed Plaintiff that "all rents due under the lease" are subject to the Notice of Levy and must be turned over to the IRS each month.

9.  Answering Defendants deny that the IRS maintained any position in the December 19, 2014 phone conference, except to the extent that the IRS maintained its Notice of Levy was valid and there should be compliance.

10. Answering Defendants deny knowledge or information sufficient to form a belief as to what the IRS advised plaintiff. Further, Answering Defendants respectfully refer this court to paragraph 1 above with respect to the balance of the allegations of paragraph 10.

11. Answering Defendants deny the allegations of paragraph 11.

12. Answering Defendants admit the allegations of paragraph 12.

13. Answering Defendants deny the allegations of paragraph 13.

14. Answering Defendants admit to the characterization of the commissioner of the Internal Revenue Service but deny knowledge or information sufficient to form a belief as to why Plaintiff chose to bring this action and in what capacity Plaintiff chose to bring this action against John Koskinen.

15. Answering Defendants admit the allegations of paragraph 15.

16. Answering Defendants admit to the characterization of the commissioner of the Secretary of HUD but deny knowledge or information sufficient to form a belief as to why Plaintiff chose to bring this action and in what capacity Plaintiff chose to bring this action against Julian Castro.

17. Answering Defendants admit the allegations of paragraph 17.

18. Answering Defendants admit the allegations of paragraph 18.

19. Answering Defendants admit Hamilton Equities Inc. was a corporation formed in New York State and except as admitted deny knowledge or information sufficient to form a belief as to the balance of the allegations of paragraph 19.

20. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 20.

21. Answering Defendants admit Hamilton Equities Co. is a limited partnership formed in New York State and except as admitted deny knowledge or information sufficient to form a belief as to the balance of the allegations of paragraph 21.

22. Answering Defendants deny knowledge or information sufficient to form a belief as to paragraph 22.

23. Answering Defendants deny knowledge or information sufficient to form a belief as to paragraph 23.

24. Answering Defendants admit the allegations of paragraph 24.

25. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 25.

26. Answering Defendants deny the allegations of paragraph 26.

27. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 27.

28. Answering Defendants admit the allegations of paragraph 28.

29. For the purposes of this action Answering Defendants admit the allegations of paragraph 29.

30. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 30 and respectfully refer the court to paragraph 1 above.

31. Answering Defendants admit that this court has jurisdiction over this matter and neither admit nor deny the characterizations of the balance of the allegations contained in paragraph 31.

32. Answering Defendants admit that declaratory judgment is authorized under Rule 57 of the Federal Rules of Civil Procedure and neither admit nor deny the balance of the allegations contained in paragraph 32.

33. Answering Defendants admit that venue is proper within the Southern District of New York and neither admit nor deny the balance of the allegations contained in paragraph 33.

34. Answering Defendants admit the allegations of paragraph 34.

35. Answering Defendants admit the allegations of paragraph 35.

36.  Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the complaint.

37. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the complaint.

38. Answering Defendants admit that a reserve for replacement fund exists and except as admitted Answering Defendants deny knowledge or information sufficient to form a belief as to the balance of the allegations of paragraph 38.

39. Answering Defendants admit that monthly payments have been, from time to time, required to be made, and except as admitted, Answering Defendants deny knowledge or information sufficient to form a belief as to the balance of the allegations of paragraph 39.

40. Answering Defendants admit Grand Manor's predecessor was required to execute a regulatory agreement with HUD and admit that sufficient rent payments were required as alleged and except as admitted Answering Defendants deny knowledge or information sufficient to form a belief as to the balance of the allegations contained in paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 42 and respectfully refer the court to the Lease for interpretation of the parties rights and obligations herein.

43. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 43.

44. Answering Defendants admit a suspension of deposits for the time period specified and except as admitted deny knowledge or information sufficient to form a belief as to the balance of the allegations of paragraph 44.

45. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 45.

46. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 46.

47. Answering Defendants deny the allegations of paragraph 47.

48. Answering Defendants deny knowledge or information sufficient to a belief as to the allegations of paragraph 48.

49. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 49.

50. Answering Defendants deny the allegations of paragraph 50.

51. Answering Defendants deny knowledge or information sufficient to form a belief as to paragraph 51.

52. Answering Defendants, upon information, in response to paragraph 52 of the complaint upon information and belief admit that HUD contacted Grand Manor by letter dated April 16, 2014.

53. Answering Defendants deny the allegations of paragraph 53.

54. Answering Defendants deny the validity of the characterization made in paragraph 54 of HUDs notification of December 8, 2014 and allege that the document is plain on its face.

55. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 55.

56. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 56.

57. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 57.

58. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 58.

59. Answering Defendants in response to the allegations of paragraph 59 respectfully refer the court to the letter referenced as Exhibit 6.

60. Answering Defendants deny the allegations of paragraph 60.

61. Answering Defendants deny knowledge or information sufficient to form a belief as to paragraph 61.

62. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 62.

63. Answering Defendants admit the allegations of paragraph 63.

64. Answering Defendants deny that Grand Manor is acting properly pursuant to the Notice of Levy and further denies that Grand Manor is acting properly as alleged in paragraph 64.

65. Answering Defendants admit the allegations of paragraph 65 but further states that Answering Defendants' objections were not limited to Exhibit 12.

66. Answering Defendants deny that Grand Manor acted in any way shape or form that was proper or in good faith with respect to the allegations of paragraph 66.

67. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 67.

68. Answering Defendants deny the allegations of paragraph 68.

69. Answering Defendants admit the allegations of paragraph 69.

70. Answering Defendants admit the quoted language may be contained in Exhibit 6 in response to the allegations of paragraph 70 but allege that but for Plaintiff's failure and unjustified refusal to pay rent said status would not exist.

71. In response to the allegations of paragraph 71 Answering Defendants respectfully refer the court to the matters referenced and do not seek to characterize the same.

72. In response to the allegations of paragraph 72 Answering Defendants respectfully refer the court to the matters referenced and do not seek to characterize the same.

73. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 73.

74. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 74.

75. Answering Defendants deny the allegations of paragraph 75.

76. Answering Defendants deny the allegations of paragraph 76 and allege that the IRS simply maintained that the levy was valid and made no statements regarding what Plaintiff should do with the rents, only stating that the levy should be complied with.

77. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 77.

78. Answering Defendants deny the characterizations of paragraph 78 and respectfully refer the court to Exhibit 15.

79. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 79.

80. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 80.

81. Answering Defendants deny the allegations of paragraph 81 and respectfully submit that this entire matter is brought about by machinations of the plaintiff.

82. Answering Defendants repeat and reallege each of the above in response to paragraph 82.

83. Answering Defendants deny the allegations of paragraph 83. Answering Defendants further alleges that plaintiff should be cautioned in taking leaps of logic and that a Notice of Levy is never executed against a potential property interest.

84. Answering Defendants deny knowledge or information sufficient to form a belief as to allegations of paragraph 84 except to state that Grand Manor should pay its rent according to the lease and the amendment to the lease.

85. Answering Defendants deny the allegations of paragraph 85.

86. Answering Defendants admit the allegations of paragraph 86.

87. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 87.

88. In response to the allegations of paragraph 88, Answering Defendants deny that this is a legitimate controversy, but rather respectfully suggest the same as a result of machinations of the plaintiff.

89. Answering Defendants deny the allegations of paragraph 89.

90. Answering Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 90 to the extent of the suggested motivation of Grand Manor, and respectfully allege that this entire proceeding is unjustified.

## AFFIRMATIVE DEFENSES

Answering Defendants assert, without admitting any of the Complaint's allegations and without assuming any burden of proof beyond that upon Answering Defendants as a matter of law, that:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

91. The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

92. Plaintiff comes before this Court with unclean hands.


## ANSWERING DEFENDANTS COUNTERCLAIMS

### THE FACTUAL BASIS FOR THE ANSWERING DEFENDANTS' COUNTERCLAIMS

93. At some time prior to November 7, 2014, Plaintiff received correspondence addressed to Defendant Hamilton Equities Co.

94. At some time prior to November 7, 2014, Plaintiff opened correspondence addressed to Defendant Hamilton Equities Co.

95. At some time prior to November 7, 2014, Plaintiff read correspondence addressed to Defendant Hamilton Equities Co.

96. Plaintiff did not take steps personally to forward this correspondence to Defendant Hamilton Equities.

97. Plaintiff did forward this correspondence to its attorneys.

98. From this correspondence Plaintiff learned that a Notice of Levy was served upon Hamilton Equities Co. seeking assets of taxpayer Robert J. Nova.

99. Nowhere in this Notice of Levy is Hamilton Equities Co.'s. property described as being property of Robert J. Nova.

100.    In fact, this Notice of Levy draws a distinction between Robert J. Nova and Hamilton Equities Co. (the Landlord herein).

101.    Plaintiff occupies the premises known as 700 White Plains Road, Bronx, New York pursuant to lease that was amended, assigned and extended (the "Lease").

102.    Pursuant to the Lease the rent was established at page 4 of the amendment to the lease as: "Notwithstanding anything herein provided, it is understood and agreed that the rental provided in this subsection (iii) shall be of no force and effect and shall be superseded by a figure equal to l/12th of the annual Medicaid reimbursement, rate' that shall, in fact, be computed in accordance with Part 86-2.21(e) of the Commissioner's, Rules and Regulations of Medicaid reimbursement for 1978 or the Rules and Regulations applicable at the time of completion of construction, which shall be provided by the Department of Health to Lessor and/or Lessee after completion of construction of Grand Manor Health Related Facility by Lessor based on the certified cost figures provided by Lessor to the New York State Department of Health. The parties hereto agree without qualification that the lease rental paid pursuant hereto shall be such annual reimbursement fate paid' in equal monthly installments in advance on the first day of each month and that the figures set forth in' this 'subsection' (iii) shall be changed to equal such annual reimbursement rate by either reducing or increasing the number provided herein. In the event such annual reimbursement rate shall be less than the amount provided herein, then and in such event Lessee shall have, the right to deduct any such overpayment from' the next installments of rental due pursuant hereto. In the event such

reimbursement rate shall result in: a monthly installment- in excess of that provided herein, then and in such event Lessee, upon receipt of such additional funds, shall pay same to Lessor as corrected rental pursuant to the provisions hereof."

103.     Pursuant to this formula of rent, less rents received from Plaintiff an unpaid amount of rent for the period of January 1, 2009 through and including May 31, 2014 is Two Million Seven Hundred Sixteen Thousand Three Hundred Eighty Five ($2,716,385) Dollars.

104.     Plaintiff seeks to confuse and hide the fact that it consistently underpays rent.

105.     Over the course of the Lease Plaintiff has commenced many suits against some or all of the Answering Defendants seeking, upon information and belief, obfuscation of their continued and ongoing underpayment of rent due.

106.     These cases include, but are not necessarily limited to:

a.   Grand Manor v Hamilton, et.al., Supreme Court of the State of New York, County of Bronx, Index No. 7236/1982;

b.   Grand Manor v Hamilton, et.al., Supreme Court of the State of New York, County of Bronx, Index No. 16839-1989;

c.   Grand Manor v Hamilton, et.al., Supreme Court of the State of New York, County of Bronx, Index No. 301998-2007;

d.   Grand Manor v Hamilton, et.al., Supreme Court of the State of New York, County of Bronx, Index No. 301880/2008;

e.   Grand Manor v Hamilton, et.al., Supreme Court of the State of New York, County of Bronx, Index No. 303440/2010;

     f.    <u>Grand Manor v Hamilton, et.al.</u>, Supreme Court of the State of New York, County of Bronx, Index No. 302624/2012;

     g.    <u>Grand Manor v Hamilton, et.al.</u>, Supreme Court of the State of New York, County of Bronx, Index No. 307635/2012;

     h.    <u>Grand Manor v Hamilton, et.al.</u>, Supreme Court of the State of New York, County of Bronx, Index No. 307636/2012;

     i.    <u>Grand Manor v Hamilton, et.al.</u>, Supreme Court of the State of New York, County of Bronx, Index No. 304433/2014; and, the instant action.

107.     On multiple occasions Plaintiff has extended the facts and circumstances with statements that are not necessarily true.

108.     The within action is based upon an alleged directive of the Internal Revenue Service to turn over funds.

109.     This directive is alleged to have been confirmed in a December 19, 2014 phone conference.

110.     Such direction was not made.

111.     Plaintiff was aware that the owner of the building had a mortgage with co-Defendant Berkadia.

112.     Plaintiff was aware that a regulatory agreement was signed between the owner of the building and the co-Defendant Department of Housing and Urban Development.

113.     Plaintiff was aware that the Answering Defendants (one of them, some of them, or all of them) utilized the rent receipts to pay the mortgage to Berkadia.

114.     Plaintiff was aware that the payment of the mortgage was required to maintain the mortgage in good standing.

115.      Plaintiff was aware that payment of the mortgage was required to maintain good standing between Hamilton and co-Defendant HUD.

116.      Plaintiff was aware that by not paying its rent Answering Defendants (one of them, some of them, or all of them) would not be able to pay the mortgage.

117.      With this knowledge, Plaintiff chose to utilize the levy served upon Hamilton as a cause of further delay and obfuscation.

118.      Plaintiff without cause or justification has failed and refused to pay the rent due under the lease.

119.      Plaintiff is aware that the Defendant Hamilton seeks to sell the building.

120.      Plaintiff would like to purchase the building from the Defendant Hamilton.

121.      Plaintiff would like to purchase the building at the lowest price possible.

122.      Plaintiff has engaged in a course of conduct to impair and or impede defendant's sale of the building.

123.      Plaintiff has interfered with Defendant Hamilton's rights herein.

124.      Plaintiff is engaging in this course of conduct to harm Defendants.

## AS AND FOR A FIRST COUNTERCLAIM

125.      Defendant Hamilton Equities Inc. has a contractual agreement with co-Defendant HUD.

126.      Plaintiff knows of this contractual agreement.

127.      Plaintiff's conduct caused HUD to threaten to terminate its guarantee of the mortgage Defendant Hamilton has with Berkadia.

128.      These actions of Plaintiff are intentional.

129.      These actions of Plaintiff are improper.

130.    The actions of Plaintiff are an ongoing cause of injury to Defendant Hamilton.

131.    Defendant Hamilton has no adequate remedy at law.

132.    Defendant Hamilton demands that Plaintiff be enjoined and estopped from future interference with Defendant Hamilton's relationship with HUD.

## AS AND FOR A SECOND COUNTERCLAIM

133.    Defendant Hamilton has a mortgage with co-Defendant Berkadia.

134.    Plaintiff knows of this mortgage.

135.    Plaintiff's conduct caused Berkadia to declare the mortgage of Defendant Hamilton as being in default.

136.    These actions of Plaintiff are intentional.

137.    These actions of Plaintiff are improper.

138.    The actions of Plaintiff are an ongoing cause of injury to Defendant Hamilton.

139.    Defendant Hamilton has no adequate remedy at law.

140.    Defendant Hamilton demands that Plaintiff be directed from future non-payment of its rent.

## AS AND FOR A THIRD COUNTERCLAIM

141.    Plaintiff improperly opened mail addressed to co-defendant Hamilton.

142.    Plaintiff learned of personal information of Defendant Robert Nova.

143.    Plaintiff chose to utilize this private information for its own purposes.

144.    Plaintiff's actions were an intrusion upon the solitude of Defendant Robert Nova.

145.    Defendant Robert Nova has been damaged by this intrusion upon his solitude.

146.    These actions of Plaintiff are intentional.

147.    These actions of Plaintiff are improper.

148.    The actions of Plaintiff are an ongoing cause of injury to Robert Nova.

149.    Defendant Robert Nova demands judgment in an amount to be determined but believed to be no less than Two Hundred Thirty Thousand ($230,000) Dollars.

## AS AND FOR A FOURTH COUNTERCLAIM

150.    Plaintiff's actions were an impairment and prejudice of co-Defendant's Suzan Chait-Grandt's right to receive rent on a building of which she owns fifty percent.

151.    Defendant Suzan Chait-Grandt has been damaged by these actions of Plaintiff.

152.    These actions of Plaintiff are intentional.

153.    These actions of Plaintiff are improper.

154.    The actions of Plaintiff are an ongoing cause of injury to Suzan Chait-Grandt.

155.    Defendant Suzan Chait-Grandt demands judgment in an amount to be determined but believed to be no less than Five Hundred Thousand ($500,000) Dollars.

## AS AND FOR A FIFTH COUNTERCLAIM

156.    Plaintiff is refusing to allow access to the Premises to allow potential purchasers to view the Premises.

157.    These actions are designed to prohibit the building from being sold.

158.    These actions are intended to create a situation in which Plaintiff believes it may obtain the building at a price substantially lower than the fair market value.

159.    In the past Plaintiff has permitted access to the building upon request.

160.    Plaintiff now seeks to add additional conditions to the visit.

161.    These conditions are not required by the lease.

162.    These conditions are not proper.

163.     In a prior visit in June 2014, Plaintiff simply agreed that visitors could come to the building.  The visit was scheduled within several days.

164.     In December 2014 a visit was sought.

165.     Plaintiff advised that such visit during the Christmas / New Year week would be difficult.  Asking it be arranged after the New Year.

166.     After the New Year a visit was to be arranged.

167.     Plaintiff refused to schedule said visit absent terms and conditions not included in the lease.

168.     Plaintiff is seeking to damage the Answering Defendants by preventing the sale of the Property.

## <u>DEMAND FOR TRIAL BY JURY</u>

169.     Pursuant to Fed. R. Civ. P. 38(b), Defendants demand a trial by jury.

WHEREFORE Answering Defendants demand that the Complaint be dismissed as against them, that Judgment for the relief demanded in their counterclaims be awarded together with the costs and disbursements of this action and such further and different relief as this Honorable Court deems fair just and proper.

Dated:       New York, New York
             February 18, 2015

                                           _____
                                           John J. Macron, Esq.
                                           Marilyn Cowhey Macron
                                           *Attorney for Hamilton Equities Company,*
                                           *Hamilton Equities, Inc., Robert Nova, and*
                                           *Suzan Chait-Grandt*
                                           305 Broadway, 7th Floor
                                           New York, NY 10007
                                           (212) 323-7454
                                           (212) 323-7455 fax
                                           john@macroncowhey.com