# JOHN J. MACRON, ESQ.
## 305 BROADWAY, 7th FLOOR
## NEW YORK, NY 10007
## Tel: 212-323-7454
## Fax: 212-323-7455
john@macroncowhey.com

April 1, 2015

*Via ECF*

Honorable Katherine B. Forrest
United States District Judge
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

    Re:    **Grand Manor v Koskinen, Docket No. 14 cv 10130 (KBF)**

Dear Judge Forrest:

    I represent the defendants, Hamilton Equities Co., Hamilton Equities Inc., Robert J. Nova and Suzan Chait-Grandt in the within action.:

    I am pleased to report that the building has been sold. As such, the IRS lien has been satisfied; Berkadia has been paid in full; and, the plaintiff has been advised of the name and address of their new Landlord.

    The Interim Stay, which is currently in place, provides that rents are to be paid to Berkadia. Berkadia is no longer entitled to the rent as they have been paid in full. Further, the government has acknowledged that its claims are satisfied.

    I had prepared and circulated a proposed limited amendment to the Interim Stay which simply stated that rents are to be paid to the new Landlord. It is my understanding that Mr. Breitenbach has no objection to this. However, Steven Rand, Esq. counsel for Berkadia, advised that he and the attorney for the government will not sign this stipulation because they want a global resolution and the case dismissed.

    While I believe this case may well be resolved in short order, I see no reason to delay correction of this simple technicality, i.e. to correct the Stay Order to show that the new Landlord is the proper recipient of the rents. This will avoid any complications that might ensue from rents not being paid in a timely manner or to the correct party.

Mr. Rand does not dispute that the new owner should receive the rent, but he has said he wants all open issues, including disposition of the monies in reserve, resolved and the action dismissed. The open issue of an accounting of the funds in the reserve for replacement necessarily entails the participation of HUD and Berkadia.

Based upon the foregoing I respectfully a brief conference to discuss amendment of the so ordered interim stay to reflect that Berkadia is no longer entitled to payment of the rents during the pendency of the interim stay.

                                                Respectfully,

                                          ***/s/ John J. Macron***

                                              John J. Macron

Cc:    Roy Breitenbach, Esq. (via email)
        Steven Rand, Esq. (via email)
        Natasha L. Waglow, Esq. (via email)